ORIGINAL

FILED IN OPEN COURT
U.S.D.C ATLANTA

JUL 20 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. |
| ANDREW S. MACKEY and | : | |
| INGER L. JENSEN | : | 1 10-CR-310 |

THE GRAND JURY CHARGES THAT:

## COUNT 1
## CONSPIRACY
## 18 U.S.C. § 1349

1. From in or about October 2003 through in or about December 2006, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, defendants ANDREW S. MACKEY and INGER L. JENSEN knowingly combined, conspired, confederated, agreed, and had a tacit understanding with each other, and with other persons known and unknown to the Grand Jury, to devise and participate in a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, and, in so doing, caused the United States Postal Service and other interstate carriers to be used and interstate wire communications to be made in furtherance of said scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

2. The object and purpose of the conspiracy was for the defendants to unjustly enrich themselves at the expense of the people they defrauded.

3. At all times material to this Indictment:

a. Defendants ANDREW S. MACKEY ("MACKEY") and INGER L. JENSEN ("JENSEN") owned and operated A.S.M. Financial Funding Corporation ("A.S.M.") in Valley Stream, New York.

b. Defendants MACKEY and JENSEN held themselves out to the public as investment advisors and financial experts who catered only to "a small and select group of sophisticated investors."

c. Defendants MACKEY and JENSEN marketed to the public and solicited investments in what they euphemistically called the "Wealth Enhancement Club."

d. In reality, defendants MACKEY and JENSEN were con artists, and the Wealth Enhancement Club was nothing but a front for a Ponzi scheme.

e. Defendants MACKEY and JENSEN promised to use their "sources" to place the investors' money in "private and confidential" offshore business deals "designed to promote the financial stability of select qualified individuals."

f. Defendants MACKEY and JENSEN paid commissions to people they called "Intermediaries" to help them recruit new investors.

g.  Defendants MACKEY and JENSEN represented and caused others to represent that each investor would earn 5%, 7%, 10%, 15% or 20% interest per month, depending on "the value of [the investor's] account at the time of interest calculation," and defendants MACKEY and JENSEN represented and caused others to represent that these "earnings" would be "based on trade proceeds."

h.  Defendants MACKEY and JENSEN pretended to let the investors choose whether they wanted to reinvest their earnings or receive monthly interest payments from A.S.M.

i.  Defendants MACKEY and JENSEN represented and caused others to represent that those investors who elected to receive monthly interest payments from A.S.M. would be paid on approximately the 1st and 16th days of each month.

j.  Defendants MACKEY and JENSEN never engaged in any type of trading or offshore investment activity that generated any earnings or profits for the investors, but they intentionally led the investors to believe otherwise.

k.  Defendants MACKEY and JENSEN created monthly Account Summaries and 1099-INT forms, which falsely and fraudulently stated that the investors had earned enormous profits, and defendants MACKEY and JENSEN distributed and caused others to distribute these documents to the investors.

l.  Defendants MACKEY and JENSEN never paid to the investors any earnings based on trade proceeds or derived from any type of financial trading or offshore investment activity.

m.  Defendants MACKEY and JENSEN used a portion of the money they took from the investors to pay "phantom" profits to the investors, thereby lulling the investors into a false sense of security and delaying their complaint to law enforcement authorities, and thereby causing some of the investors to invest additional funds with A.S.M. and causing some of the investors to recommend A.S.M. to their friends and family members.

n.  Defendants MACKEY and JENSEN ceased making payments to the investors in or about February 2006, but they represented and caused others to represent to the investors that additional payments would be forthcoming, while knowing and having reason to know that such representations were not true.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2 THROUGH 8
### WIRE FRAUD
### 18 U.S.C. § 1343

4.  The Grand Jury re-alleges and incorporates herein by reference the factual allegations contained in paragraph 3 of this Indictment and all sub-parts thereof, as if fully set forth herein.

5.  From in or about October 2003 through in or about December 2006, the exact dates being unknown to the Grand Jury, in

the Northern District of Georgia and elsewhere, defendants MACKEY and JENSEN knowingly devised and participated in a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts.

### Execution of the Scheme and Artifice to Defraud

6. On or about each of the dates set forth below, defendants MACKEY and JENSEN, for the purpose of executing the aforesaid scheme and artifice to defraud, and aiding and abetting its execution, caused the following wire communications to be transmitted in interstate commerce:

| Count | Date | Description |
| --- | --- | --- |
| 2 | 9-2-05 | Wire transfer in the amount of $100,000 from the account of D.B. at Southern Community Bank in Georgia through The Bankers' Bank in Georgia to the account of A.S.M. at J.P. Morgan Chase Bank in New York |
| 3 | 12-22-05 | Wire transfer in the amount of $150,000 from the account of A.C. at BB&T in Georgia to BB&T in North Carolina and then to the account of A.S.M. at J.P. Morgan Chase Bank in New York |
| 4 | 12-30-05 | Wire transfer in the amount of $100,000 from the account of D.B. at Southern Community Bank in Georgia through The Bankers' Bank in Georgia to the account of A.S.M. at J.P. Morgan Chase Bank in New York |
| 5 | 8-10-06 | Account Summary sent by fax from A.S.M. in New York to and for the benefit of E.B. in Georgia |
| 6 | 8-20-06 | Four Account Summaries sent by fax from A.S.M. in New York to and for the benefit of D.B. in Georgia |

5

| Count | Date | Description |
|---|---|---|
| 7 | 10-3-06 | Two Account Summaries sent by fax from A.S.M. in New York to and for the benefit of D.B. in Georgia |
| 8 | 10-3-06 | Three Account Summaries sent by fax from A.S.M. in New York to and for the benefit of E.B. in Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 9 THROUGH 11
### Mail Fraud
### 18 U.S.C. § 1341

7.  The Grand Jury re-alleges and incorporates herein by reference the factual allegations contained in paragraph 3 of this Indictment and all sub-parts thereof, as if fully set forth herein.

8.  From in or about October 2003 through in or about December 2006, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, defendants MACKEY and JENSEN knowingly devised and participated in a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts.

**Execution of the Scheme and Artifice to Defraud**

9.  On or about the dates set forth below, defendants MACKEY and JENSEN, for the purpose of executing the aforesaid scheme and artifice to defraud, and aiding and abetting its execution, knowingly caused the following matters and things to be delivered

6

according to the directions thereon, by mail and by private and commercial interstate carrier:

| COUNT | DATE | FROM | TO | DESCRIPTION |
|---|---|---|---|---|
| 9 | 7-21-05 | Archie McKinnon on behalf of A.M. in Georgia | A.S.M., 14 Brooklyn Avenue, Suite 102, Valley Stream, NY 11581 | 3 checks for $30,000 each, totaling $90,000 |
| 10 | 7-21-05 | Archie McKinnon on behalf of E.W.B. in Georgia | A.S.M., 14 Brooklyn Avenue, Suite 102, Valley Stream, NY 11581 | 1 check for $10,116.43 and 1 check for $49,883.57, totaling $60,000 |
| 11 | 7-26-05 | Archie McKinnon on behalf of E.W.B. in Georgia | A.S.M., 14 Brooklyn Avenue, Suite 102, Valley Stream, NY 11581 | 1 check for $60,000 |

All in violation of Title 18, United States Code, Section 1341 and 2.

## FORFEITURE PROVISION

Upon conviction of one or more of the offenses alleged in Counts 1 through 11 of this Indictment, defendants MACKEY and JENSEN shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violation(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A ____TRUE____ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

_J._ RUSSELL PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar Number 576335

600 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303
Telephone: (404) 581-6000
Fax: (404) 581-6181