IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. 1:10-CR-310-WSD-JFK |
| ANDREW S. MACKEY and | : | (SECOND SUPERSEDING) |
| INGER L. JENSEN | : | |

**<u>GOVERNMENT'S RESPONSE TO DEFENDANT MACKEY'S *BRADY* MOTION
AND MOTION FOR *IN CAMERA* REVIEW OF CERTAIN PRESENTENCE REPORTS</u>**

**Background**

On April 25, 2012, defendant Mackey's attorney telephoned counsel for the government and requested that the government produce to the Court for *in camera* review copies of the presentence reports (PSRs) pertaining to certain individuals who, according to defendant Mackey's attorney, defrauded defendant Mackey and were prosecuted for those crimes in other districts, including Robert Kenneally, Ray Allen Benton, Gerald Shaw, Frederick Campbell, Veril Olsen, Charles Muhammad, a/k/a Charles Graylyn Durham, and Murray Wilkening. Without conceding that those PSRs are covered by <u>Brady</u> or <u>Giglio</u> or that they are relevant or discoverable in the instant case, counsel for the government agreed to make an effort to locate the PSRs so that they would be available in the event that this Court chooses to conduct an *in camera* review. Accordingly, counsel for the government telephoned and emailed the AUSAs who handled the cases in question and requested copies of the PSRs.

Counsel for the government obtained a copy of the PSR for Ray Allen Benton from the District of Oregon and a copy of the PSR for Gerald Shaw from the Central District of California.

The AUSA who prosecuted Kenneally in the District of South Carolina notified counsel for the government that Kenneally was indicted on a "no loss undercover case," and that he did not seek to extradite Kenneally from Canada. Therefore, there is no PSR for Kenneally.

The FBI has informed counsel for the government that Campbell, Olsen, Muhammad, a/k/a Durham, and Wilkening were not charged in connection with the Eel River investigation in the District of Colorado, so there is no PSR pertaining to that matter.

## Argument and Citation of Authority

**1.   Defendant Mackey's motion is based on a flawed premise.**

Defendant Mackey's entire motion is premised on a half truth. He states categorically "that he acted in good faith in investing investors' funds" and "sent the funds to other persons or entities for investment." (Defendant Mackey's motion, at 4). Defendant Mackey fails to mention, however, that he invested, at most, only 35% of the money that he took from the investors. He also fails to mention that he never made a profit for his investors, and that he distributed millions of dollars in "make-believe" profits, i.e., Ponzi returns, to the investors, along with bogus monthly account statements (telling the investors that their accounts were

increasing in value by 10-25% per month) and fictitious 1099-INT forms (telling the investors that they had to pay taxes on their so-called "investment" income). The fact that defendant Mackey might have been defrauded by others with whom he invested approximately 35% of the fraud proceeds is not a defense to any of the charges in the Indictment. Such evidence is not relevant to any issue in the case, including intent to defraud or the good-faith defense, and should be excluded under Rule 401 of the Federal Rules of Evidence.[1]

**2.   Defendant Mackey's motion should be denied because *Brady* does not require the government to go on a fishing expedition for documents in other districts.**

Defendant Mackey contends that this Court should order the government to locate and turn over to him "any and all evidence or information relating to [any] dealings [that he had with Kenneally, Benton, Shaw, Campbell, Olsen, Muhammad, a/k/a Durham, and Wilkening] and/or representations" that such individuals made to him. (Defendant Mackey's motion, at 4). And it would appear that defendant Mackey expects the government to search for this information in all files that are in the possession of the FBI and the United States Attorney's Office in the districts where those individuals were prosecuted.

---

[1] Federal Rule of Evidence 401 provides that "relevant evidence" is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

> In <u>Brady v. Maryland</u>, the Supreme Court placed an affirmative duty on the prosecution to reveal any "evidence [that] is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S.Ct. at 1196-97. This duty covers "[i]mpeachment evidence . . . as well as exculpatory evidence." <u>United States v. Bagley</u>, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). The <u>Brady</u> rule applies to evidence possessed by the prosecution team, which includes both the investigators and prosecutors. <u>See</u> <u>United States v. Meros</u>, 866 F.2d 1304, 1309 (11th Cir. 1989).

<u>Stephens v. Hall</u>, 407 F.3d 1195, 1202 (11th Cir. 2005). The prosecution team includes "the prosecutor or anyone over whom he has authority." <u>Moon v. Head</u>, 285 F.3d 1301, 1309 (11th Cir. 2002) (citations omitted).

In <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995), the Supreme Court held that prosecutors have an affirmative obligation "to learn of any favorable evidence known to the others acting on the government's behalf in the case." But "<u>Kyles</u> cannot be read as imposing a duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue." <u>United States v. Merlino</u>, 349 F.3d 144, 154 (3d Cir. 2003) (citations and punctuation marks omitted). "A prosecutor has no duty to undertake a fishing expedition in other jurisdictions in an effort to find potentially impeaching evidence every time a criminal defendant makes a Brady request for information regarding a government witness." <u>United States v. Meros</u>, 866 F.2d 1304, 1309 (11th Cir. 1989) (holding that a prosecutor in the Middle District of Florida

did not "possess" favorable information known by prosecutors in the Northern District of Georgia and the Eastern District of Pennsylvania); see also United States v. Pelullo, 399 F.3d 197, 217 (3d Cir. 2005) ("because the government is not under an obligation to obtain and disclose all information in the possession of other arms of the government that are not involved in the particular prosecution, the prosecution was under no obligation to ferret out evidence from another pending proceeding with a tenuous connection to the prosecution") (internal punctuation marks omitted).

"The imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require [the court] to adopt a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis." United States v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998) (citation and punctuation marks omitted).

The prosecutors and law enforcement agents who were involved in the other cases defendant Mackey's attorney has inquired about are not part of the prosecution team involved in the case now before this Court. Therefore, this Court should not require government counsel to undertake a fishing expedition in those other jurisdictions – the week before trial – in an effort to find potentially impeaching or exculpatory evidence for defendant Mackey.

**3.   The United States has no obligation to provide the requested information because the defendant already has knowledge of it or could obtain it himself with reasonable diligence.**

The government is not obligated under Brady "to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself." Meros, 866 F.2d at 1309 (internal quotations and citation omitted); accord Maharaj v. Secretary Dep't Corr., 432 F.3d 1292, 1315 (11th Cir. 2005). Thus, in United States v. Cortez, 757 F.2d 1204 (11th Cir. 1985), the Eleventh Circuit held that there was no Brady violation where the government failed to disclose the defendant's testimony before a congressional subcommittee, because the defendant "[n]eedless to say, . . . knew he had testified before the Committee." Id. at 1208. Similarly, in Gary v. Schofield, 336 F. Supp. 2d 1337 (M.D. Ga. 2004), aff'd, 558 F.3d 1229 (11th Cir. 2009), the Court held that Brady did not require the government to disclose police reports showing that the defendant had a broken foot and snakebite (and thus arguably did not have the agility and mobility to commit the crimes), because if he "had a broken foot or a foot that had been bitten by a snake, he certainly would know this himself and he would not need the State to tell him of such." Id. at 1370.

This principle extends, as noted, not only to information that the defendant already possesses, but also to information that the defendant could obtain or ascertain through reasonable diligence, including by subpoena. Maharaj, 432 F.3d at 1315. Thus, in Meros,

the Eleventh Circuit held that there was no Brady violation when the government failed to disclose plea negotiations between a witness and federal prosecutors in other districts, because defense counsel knew that the witness "might have been engaging in plea negotiations with Georgia and Pennsylvania authorities and was in as good a position as the prosecutor to learn more about such negotiations through reasonably diligent efforts." Meros, 866 F.2d at 1309. Similarly, in Maharaj, the Court held that there was no Brady violation where the government failed to turn over a briefcase and its contents, because the defendant "knew of their existence and had the power to compel their return . . . by subpoena." 432 F.3d at 1315. Although the defendant did not possess the briefcase and its contents, he could have obtained them. Id. And in Gary, the government was not required to disclose documents about another individual suspected of the crimes, because the defendant "had personal knowledge that [the individual] was a suspect" and told police that he thought the other individual had been charged. 336 F. Supp. at 1366. In sum, when the defendant has "information by which [he] could have ascertained the alleged Brady material, there is no suppression by the government" and no Brady violation. United States v. Griggs, 713 F.2d 672, 674 (11th Cir. 1983). Brady does not require the "government [to] construct the defense and identify defense witnesses." Id. at 673.

Here, defendant Mackey's motion seeks to compel the government to disclose information already known by him. He seeks information about representations made <u>to</u> <u>him</u> by other alleged fraudsters. (Doc. 123 at 4, 6 (requesting information relating to these individuals' "dealings with and/or representations to" Mackey and ASM)). But Mackey is already aware of what (if any) representations were made to him, who made them, and when and where they were made. Needless to say, he knows about any dealings he himself had with other individuals and, as in the cases cited above, does not need the government to tell him about his own dealings.

Moreover, as his motion (as well as common sense) makes clear, Mackey knows the identities of the other individuals he dealt with. Through reasonable diligence, he could subpoena witnesses to testify at trial about his communications and dealings with them. The PSRs from the other cases contain hearsay in any event, and would not be admissible to prove what statements were made to defendant Mackey and what dealings he had with others. Defendant Mackey has knowledge from which he could obtain further desired evidence. His ability to obtain that further evidence dooms his <u>Brady</u> claim. <u>See</u> <u>Maharaj</u>, 432 F.3d at 1315. He cannot compel the government to do his trial preparation work for him, especially at this late date. The Court should reject his motion as just the latest effort to create another delay on the eve of trial.

**4.   The United States has no obligation to provide the requested information because it is not material.**

Brady requires the government to disclose evidence favorable to the accused only when it is "material" to his guilt or punishment. Maharaj, 432 F.3d at 1309, 1315. Speculative claims are not sufficient to show that information is material for Brady purposes. Id. at 1316.

Evidence that defendant Mackey sent money to other individuals who were prosecuted for fraud is not material under Brady. As has been discussed at previous court hearings in this case with defendant Mackey's prior counsel, defendant Mackey cannot defend this case by asserting that he was defrauded. Even if that were true, his being defrauded would not give him license to lie to his own investors and defraud them. Instead of telling his investors that he had been defrauded and had lost a substantial portion of their money, however, defendant Mackey paid his investors make-believe profits, issued statements to them showing healthy returns when there were none, and issued false 1099s showing profits that did not exist. If anything, evidence that he invested approximately 35% of the victims' money with other fraudsters and lost everything he invested – but failed to disclose that to his own investors – is highly incriminating evidence of his guilt, not Brady information. Indeed, the government intends to prove that defendant Mackey invested some of the victims' money but lost it and then intentionally hid those losses from the investors.

**Conclusion**

For all of the reasons set forth herein, defendant Mackey's *Brady* motion and motion for *in camera* review of certain presentence reports should be denied.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/ *J. Russell Phillips*
J. RUSSELL PHILLIPS
ASSISTANT U.S. ATTORNEY
Georgia Bar Number 576335

/s/ *Stephen H. McClain*
STEPHEN H. McCLAIN
ASSISTANT U.S. ATTORNEY
Georgia Bar Number 143186

600 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303
(404) 581-6000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2012, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT MACKEY'S *BRADY* MOTION AND MOTION FOR *IN CAMERA* REVIEW OF CERTAIN PRESENTENCE REPORTS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/ *J. Russell Phillips*
J. RUSSELL PHILLIPS
ASSISTANT U.S. ATTORNEY
Georgia Bar Number 576335

600 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303
(404) 581-6000