IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. 1:10-CR-310-WSD-JFK |
| ANDREW S. MACKEY and | : | (SECOND SUPERSEDING) |
| INGER L. JENSEN | : | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF
IN RESPONSE TO DEFENDANT MACKEY'S *BRADY* MOTION
AND MOTION FOR *IN CAMERA* REVIEW OF CERTAIN PRESENTENCE REPORTS**

In accordance with the Court's instructions at the hearing on May 3, 2012, the  government hereby reports as follows:

**1.    Robert Kenneally/Striker Gold (District of South Carolina)**

(a)  On May 3, 2012, FBI Special Agent Paul Jacobs, who investigated the Kenneally/Striker Gold case in the District of South Carolina, stated that his file contains no mention of Andrew S. Mackey.

(b)  On May 4, 2012, AUSA David Stephens, who supervised the Kenneally/Striker Gold investigation, stated that he has reviewed his file, and that it contains no references to Mackey.

**2.    Gerald Shaw/ODL Securities (Central District of California)**

(a)  On October 22, 2010, FBI Special Agent Brad Howard, who investigated Gerald Shaw in the Central District of California, stated that Shaw's bank records show that Shaw received $1 million from ASM on February 14, 2005, and that Shaw returned $150,000 to ASM the following day, February 15, 2005. Shaw did not give a

proffer and made no statements to the FBI concerning Mackey or Jensen.

(b)   The government previously provided the defense with all documents in the possession of the Mackey and Jensen prosecution team pertaining to ASM's financial transactions with Shaw, including, but not limited to, the following:  Bates #s JPM-009388 and JPM-009399.

(c)   On May 3, 2012, FBI Special Agent Brad Howard confirmed that he has no other documents or information in his file concerning Mackey or Jensen.

(d)   On May 3, 2012, AUSA Greg Staples stated that he has reviewed his case file, consisting of approximately one banker's box of documents. He does not have any documents that mention Mackey. AUSA Staples said that this comports with his memory of the investigation and litigation. Mackey's name came up as someone who wired money to Shaw, but Mackey was never interviewed, and no documents were found pertaining to him. The documentary evidence was all obtained directly from victims. AUSA Staples said that, since he did not contact Mackey, this explains why he does not have an agreement or contract, etc., between Shaw and Mackey.

(e)   Pursuant to this Court's written Order, filed on May 3, 2012 [Doc. 125], the government hereby reveals that paragraph 24 of Shaw's PSR states in relevant part as follows:

> Another victim identified by the government and case agent is Andrew S. Mackey. Documents reflect that in

February 2005, Mackey invested $1,000,000 with Shaw through his business ASM Financial Funding Corporation (ASM). Documents further reflect that Shaw returned $150,000 to Mr. Mackey, resulting in a net loss of $850,000. Neither the government nor the case agent was able to provide the Probation Officer with current contact information for Mr. Mackey. Research conducted by the Probation Officer revealed that on July 20, 2010, Mr. Mackey and is his ASM business partner, Inger L. Jensen, were charged in the Northern District of Georgia in an 11-Count Indictment (Case No. 1:10-CR-310-WSD). The indictment alleges that Mr. Mackey and Jensen, through ASM, devised and executed a high-yield investment scheme from October 2003 to December 2006. On July 28, 2010, Mr. Mackey was arrested and subsequently released on bond pending trial. On October 14, 2010, the Probation Officer contacted Mr. Mackey's Pretrial Services officer and obtained his current address and telephone number. On this same date, the Probation Officer spoke with Mr. Mackey, who confirmed that he invested $1,000,000 with Shaw and that Shaw returned $150,000. Mr. Mackey further confirmed that he obtained the money that he gave to Shaw from his clients at ASM. At this juncture, the Probation Officer views Mr. Mackey as a victim of the instant offense. However, because the funds that Mr. Mackey provided to Shaw may have been proceeds from his own alleged fraudulent scheme, any restitution awarded and/or paid to Mr. Mackey may be subject to forfeiture. The indictment against Mackey includes a forfeiture provision 1 stating that upon conviction Mackey shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly from the offense.

(f)   Pursuant to this Court's written Order, filed on May 3, 2012 [Doc. 125], the government hereby reveals that paragraph 99 of Shaw's PSR states in relevant part as follows:

Restitution is applicable as follows:

| Count | Victim | Amount |
|-------|--------|--------|
| 1 | Andrew S. Mackey | $850,000 |

**3.    Ray Allen Benton/Towerland (District of Oregon)**

(a)   On October 20, 2010 and again on November 1, 2010, the government provided discovery concerning Mackey and Jensen's communications with the FBI in connection with the Ray Allen Benton/Towerland investigation. This discovery (including FBI 302s) was sent to defense counsel by email. See Bates #s FBI-000158 through FBI-000161 and FBI-000183 through FBI-000192. The government has provided many other documents in discovery concerning Ray Allen Benton/Towerland.

(b)   On May 3, 2012, counsel for the government contacted AUSA Chris Cardani and FBI Special Agent Joseph Boyer concerning the Ray Allen Benton/Towerland investigation. AUSA Cardani stated that his file is closed and is not stored at his office. He directed his legal assistant to request the file from their off-site storage facility as soon as possible. He said he's not sure how long that will take, but he promised to report back as soon as possible.

(c)   The government previously produced in discovery an FBI 302, dated 02/16/07, concerning Special Agent Boyer's interview of Mackey. (Bates # FBI-000189).

(d)   In addition, the government previously produced in discovery all of the email correspondence between Mackey and Special Agent Boyer. (Bates #s FBI-000159 and FBI-000161).

(e)   On May 3, 2012, Special Agent Boyer stated that he has located an electronic communication (i.e., cover letter) that he sent to the FBI office in Miami, dated 03/01/07, enclosing the

above-referenced 302 pertaining to his interview of Mackey. Out of

an abundance of caution, the government has attached hereto a copy

of that electronic communication, as well as the records Mackey

provided to the FBI (which were attached to Special Agent Boyer's

302 and which were previously produced by the government in

discovery), and a 302 pertaining to the FBI's interview of a man

named Aaron Jenkins, which mentions Mackey.

     (f)  On May 3, 2012, Special Agent Boyer said that the only

other document he has in his file, which he had not already

provided to the Mackey and Jensen prosecution team, is an email

that he received from Mackey on April 18, 2011 (copy attached

hereto), which states as follows:

**Subject:** Donald J. Trump Has Endorsed My New Business Opportunity!!!

From: The Desk of Andrew S. Mackey,

Dear Friends and Associates,

You won't believe who is endorsing my new business opportunity - Donald Trump! And no one knows what it takes to be a success quite like Donald Trump. I'm confident this is an opportunity you could benefit from too. Take a look at the information contained in the link below; you'll be impressed with what you see. I'll get in touch with you in the next few days to get your feedback.

You can save money on your gas and electricity by buying a fixed rate, and make up $24,000 a month working at home in my business. Click or paste the link below. You can have Direct TV, and the New Video Phone by ACN, and Electricity and Gas, and many more right from your home, from your new website that we will host. Forbes Magazine says Gas is going to double in the next three years, and there is going to be an increase in May.

http://asmsuccessful1.acnrep.com/v.asp?I=141340655F01

Thank you,

ANDREW S. MACKEY

(g) Pursuant to this Court's written Order, filed on May 3, 2012 [Doc. 125], the government hereby reveals that paragraph 81 of Benton's PSR states in relevant part as follows: "Further, restitution in the amount of $11,295,000 is owed to the following victims. . . . Andrew Mackey - $400,000."

(h) On May 3, 2012, the Mackey and Jensen prosecution team obtained a copy of the J&C for Ray Allen Benton, filed 01/14/09, which shows that Mackey was **not** listed as a victim in Benton's J&C. A copy of that J&C is attached hereto.

(i) On May 3, 2012, the Mackey and Jensen prosecution team obtained a copy of a letter from the United States Attorney's Office for the District of Oregon to Mackey, dated August 28, 2007, which explains why Mackey was **not** listed as a victim in Benton's J&C. A copy of that letter is attached hereto.

**4. Frederick Campbell, et al./Eel River (District of Colorado)**

(a) The government previously provided discovery concerning Mackey's communications with the FBI in connection with the Eel River investigation. This discovery includes Bates #s FBI-000158 through FBI-000161 and FBI-000200 through FBI-000224. The government has provided many, many other documents in discovery concerning Eel River.

(b) On May 3, 2012, AUSA Matt Kirsch, who handled the Eel River investigation in the District of Oregon, stated that his file is closed and is not stored at his office. He has requested that

the file be retrieved from storage, but he said that he will not have it until Monday, May 7, at the earliest. He said he will review the file to determine whether there is anything in it that pertains to Mackey and report his findings to the Mackey and Jensen prosecution team as soon as possible.

(c)  On May 3, 2012, FBI Special Agent Sandra Blain said that she has already provided to the Mackey and Jensen prosecution team all of the documents and information in the Eel River investigation file that pertain to Mackey. And, as noted above, the government has already produced all of those documents in discovery.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/ *J. Russell Phillips*
J. RUSSELL PHILLIPS
ASSISTANT U.S. ATTORNEY
Georgia Bar Number 576335

/s/ *Stephen H. McClain*
STEPHEN H. McCLAIN
ASSISTANT U.S. ATTORNEY
Georgia Bar Number 143186

600 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303
(404) 581-6000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2012, I electronically filed the foregoing **GOVERNMENT'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT MACKEY'S BRADY MOTION AND MOTION FOR IN CAMERA REVIEW OF CERTAIN PRESENTENCE REPORTS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                SALLY QUILLIAN YATES
                                UNITED STATES ATTORNEY


                                /s/ *J. Russell Phillips*
                                J. RUSSELL PHILLIPS
                                ASSISTANT U.S. ATTORNEY
                                Georgia Bar Number 576335


600 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303
(404) 581-6000