AO 245B (Rev. 6/05) Judgment in a Criminal Case - USDC OR
Sheet 1

# UNITED STATES DISTRICT COURT
## District of Oregon
## Eugene Division

FILED '09 JAN 14 12:52 USDC-ORE

UNITED STATES OF AMERICA

v.

RAY ALLEN BENTON

**THIRD AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:  CR 05-60116-1-AA
              CR 07-60043-1-AA
U.S. Marshal No. 02237-017

Richard Fredericks
Defendant's Attorney

**THE DEFENDANT:**

__X__  pleaded guilty to count(s)  Count I in CR 05-60116-1-AA and Counts I and II in CR 07-60043-1-AA .

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Commit Wire Fraud | Beginning in October 2002 and continuing through March 2003 | I of CR 05-60116 |
| 18 USC § 371 | Conspiracy to Commit Wire Fraud | July 1, 2003 | I of CR 07-60043 |
| 26 USC § 7201 | Income Tax Evasion | Beginning on January 1, 2003 and continuing through April 15, 2004 | II of CR 07-60043 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s) ___, and is discharged as to such count(s).

__X__  Count(s)  II, III, & IV of the indictment in CR 05-60116-1-AA  are dismissed on the motion of the United States.

__X__  Defendant shall pay a special assessment in the amount of $ __300.00__ for Count  I in CR 05-60116 and Counts I and II in CR 07-60043  payable immediately to the Clerk, U.S. District Court, 405 East Eighth Avenue, Suite 2100, Eugene, OR 97401.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances.

Date of Original Imposition of Sentence: July 13, 2007

_/s/ Ann Aiken_
Signature of Judicial Officer

ANN AIKEN, U.S. DISTRICT JUDGE
Name & Title of Judicial Officer

Third Amended Dated this 14 of January, 2009.
(Amended to update restitution schedule).

FBI-000564

AO 245B (Rev. 6/05) Judgment in a Criminal Case - USDC OR
Sheet 2 - Imprisonment

Defendant: Ray Allen Benton                                                                                                         Page 2 of 10
Case Number: CR 05-60116-1-AA and CR 07-60043-1-AA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty-seven (37) months as to Count I in CR 05-60116-1-AA. As to Counts I and II in CR 07-60043-1-AA, the defendant is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of thirty-seven (37) months, to be served concurrent with the sentence imposed in CR 05-60116-1-AA and with each other.*

__X__   The court makes the following recommendations to the Bureau of Prisons:
         Commitment to FPC, Pensacola, FL, if the defendant is otherwise qualified as determined by the policies of the
         Bureau of Prisons.

____    The defendant is remanded to the custody of the United States Marshal.

____    The defendant shall surrender to the United States Marshal for this district:

                ____ at ____ on ____

                ____ as notified by the United States Marshal.

__X__   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

                before noon on __Thursday, September 13, 2007__ .

                ____ as notified by the United States Marshal and/or Pretrial Services.

*    The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized
     by Title 18 U.S.C. § 3585(b) and the policies of the Bureau of Prisons.


## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on: _____ to _____ at

_____, with a certified copy of this judgment.

                                                            _____
                                                            United States Marshal

                                                            By _____
                                                               Deputy Marshal

Case 1:10-cr-00310-WSD-JFK   Document 126-2   Filed 05/04/12   Page 3 of 14
Case 6:05-cr-60116-AA   Document 130   Filed 01/14/09   Page 3 of 10   Page ID#: 381

AO 245B (Rev. 06/05) Judgment in a Criminal Case - USDC OR
Sheet 3 - Supervised Release

Defendant: Ray Allen Benton  Page 3 of 10
Case Number: CR 05-60116-1-AA and CR 07-60043-1-AA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __three (3)__ years.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

___ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions of Supervised Release that have been adopted by this court as set forth below. The defendant shall also comply with the Special Conditions of Supervision as set forth below and any additional conditions attached to this judgment.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer if required by law.

2. The defendant shall pay restitution to the victims identified in the Judgment in the amount of $12,295,000.00. $1,000,000.00 of this amount shall be paid joint and several with co-defendant Josiah Davis, CR 05-60116-2. If there is any unpaid balance at the time of release from custody, it shall be paid at the maximum installment possible and not less than $200.00 or 10% of gross income per month, whichever is greater. The addresses of the first 25 victims are listed in the Nanz Affidavit which is attached to the Motion to Accept Restitution Plan in case no. CR 05-60116-1-AA (Doc#94), filed 09/25/07, and approved by the Court on 9/27/07 (Doc#95).

3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer.

4. The defendant shall authorize release to the U.S. Probation Officer of any and all financial information by execution of a release of financial information form, or by any other appropriate means, as directed by the probation officer.

5. The defendant's employment shall be subject to approval by the probation officer.

6. The defendant shall maintain a single checking and/or savings account in his/her name. The defendant shall deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other accounts must be disclosed to the probation officer.

7. The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500.00 without the approval of the probation officer.

8. The defendant shall not make applications for any loan, enter into any credit arrangement, or enter into residential or business lease agreement without approval of the probation officer.

9. The defendant shall pay all taxes due and owing for the tax year 2003 as determined by the Internal Revenue Service.

10. The defendant shall file true and accurate tax returns to the IRS by April 15th of each year and shall submit a copy of such returns to the probation officer as directed.

11. The defendant shall perform 300 hours for each year of supervised release (900 hours) of volunteer community service work at the direction of the probation officer.

Case 1:10-cr-00310-WSD-JFK   Document 126-2   Filed 05/04/12   Page 4 of 14
Case 6:05-cr-60116-AA   Document 130   Filed 01/14/09   Page 4 of 10   Page ID#: 382

AO 245B (Rev. 6/05) Judgment in a Criminal Case - USDC OR
Sheet 3A - Supervised Release

Defendant: Ray Allen Benton                                                                                                     Page 4 of 10
Case Number: CR 05-60116-1-AA and CR 07-60043-1-AA

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing or future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.

3. The defendant shall not possess a firearm, destructive, or dangerous device.

4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.

5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

6. The defendant shall not leave the judicial district without the permission of the court or probation officer.

7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/ her. Such a refusal to answer may constitute grounds for revocation.

9. The defendant shall support his/ her dependents and meet other family responsibilities to the best of his or her financial ability.

10. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

11. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.

12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. If at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or is abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of the arms, neck, face, and lower legs.

13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.

14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer.

15. The defendant shall permit a probation officer to visit him/her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.

16. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

17. The defendant shall not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the court.

18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

Case 1:10-cr-00310-WSD-JFK   Document 126-2   Filed 05/04/12   Page 5 of 14
Case 6:05-cr-60116-AA   Document 130   Filed 01/14/09   Page 5 of 10   Page ID#: 383

AO 245B (Rev. 6/05) Judgment in a Criminal Case - USDC OR
Sheet 5 - Criminal Monetary Penalties

Defendant: Ray Allen Benton                                                                 Page 5 of 10
Case Number: CR 05-60116-1-AA and CR 07-60043-1-AA

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Assessment | Fine | Restitution | TOTAL |
|---|---|---|---|
| $ 300.00 * | $ 0.00 | $ 12,295,000.00 | $ 12,295,300.00 |

\* $100.00 for CR-05-60116 and

$200.00 for CR-07-60043

___ The determination of restitution is deferred until ___ An Amended Judgment in a Criminal Case (AO 245c) will be entered after such determination.

_X_ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Continued on Sheet 5B<br>Name of Payee | *Total<br>Amount of Loss | Amount of<br>Restitution Ordered | Priority Order or<br>Percentage of Payment |
|---|---|---|---|
| Applied Capital, Inc. | | $ 175,000.00 | |
| Cox-Coffin, Diane | | $ 175,000.00 | |
| Crowley, Rhonda | | $ 5,000.00 | |
| Gold Coast Medical Services, Inc. | | $10,000.00 | |
| **SUB-TOTAL:** | | **$ 365,000.00** | |

___ If applicable, restitution amount ordered pursuant to plea agreement $ ___

___ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_X_ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    _X_ The interest requirement is waived for the ___ fine and/or
        _X_ restitution.
    ___ The interest requirement for the ___ fine and/or ___ restitution is modified as follows:

**Any payment shall be divided proportionately among the payees named unless otherwise specified.**

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

Case 1:10-cr-00310-WSD-JFK   Document 126-2   Filed 05/04/12   Page 6 of 14
Case 6:05-cr-60116-AA   Document 130   Filed 01/14/09   Page 6 of 10   Page ID#: 384

AO 245B (Rev. 6/05) Judgment in a Criminal Case - USDC OR
Sheet 5B - Criminal Monetary Penalties

Defendant: Ray Allen Benton
Case Number: CR 05-60116-1-AA and CR 07-60043-1-AA

Page 6 of 10

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| HAI Limited | | $ 400,000.00 | |
| Huff, Douglas | | $ 15,000.00 | |
| Huley, Larry and Pamela | | $ 20,000.00 | |
| Johnson, Sean | | $ 195,000.00 | |
| Kennedy, Timothy and Tammy | | $ 100,000.00 | |
| Lewin, Jeffrey | | $ 25,000.00 | |
| Loucks, Vernon | | $ 400,000.00 | |
| Matthews, Gregory | | $ 1,700,000.00 | |
| McGreevy Enterprises, Limited | | $ 2,000,000.00 | |
| McGurk, Dan L. | | $ 1,000,000.00 | |
| Medina, Hector | | $ 50,000.00 | |
| Medina, Oscar | | $ 80,000.00 | |
| Mehelich, David | | $ 1,000,000.00 | |
| Moore, Charles | | $ 20,000.00 | |
| Moore, Velda | | $ 25,000.00 | |
| Paradox Trading, Ltd. | | $ 400,000.00 | |
| Scott, Daniel and Mary | | $ 100,000.00 | |
| Sorensen, Everett | | $ 450,000.00 | |
| Stewart, James | | $ 500,000.00 | |
| Visram, Mohamed and Shenaz | | $ 800,000.00 | |
| Wadsworth, Larry and Sherilyn | | $ 100,000.00 | |
| Clerk of Court, Dist. of OR for the victims in CR 05-60051-2-HO, Defendant Guenther | | $ 500,000.00 | |
| Clerk of Court, Dist. of OR for the victims in CR 05-60051-1-HO, Defendant Hendricks | | $ 500,000.00 | |
| Clerk of Court, Dist. of W. Michigan for the victims in 1:08-cr-242, Defendant Jay Merkle | | $ 400,000.00 | |
| Remainder of funds reserved for victims and claims to be determined. | | $1,150,000.00 | |
| **TOTAL:** | **$12,295,000.00** | **$12,295,000.00** | |

The addresses of the first 25 victims are listed in the Nanz Affidavit which is attached to the Motion to Accept Restitution Plan in Case No. CR05-60116-1-AA(Doc#94), filed 9/25/07, and approved by the Court on 9/27/07 (Doc#95).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

FBI-000569

AO 245B (Rev. 6/05) Judgment in a Criminal Case - USDC OR
Sheet 6 - Schedule of Payments

Defendant: Ray Allen Benton                                                                                                    Page 7 of 10
Case Number: CR 05-60116-1-AA and CR 07-60043-1-AA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ___ Lump sum payment of $ ___ due immediately, balance due
        ___ not later than ___, or
        ___ in accordance with C ___ or D ___ below; or

B ___ Payment to begin immediately (may be combined with C ___ or D ___ below);

C ___ If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $___ over a period of ___ months to commence immediately upon release from imprisonment.

D _X_ Special instruction regarding the payment of criminal monetary penalties:

The defendant shall pay restitution to the victims identified in the Judgment in the amount of $12,295,000.00. If there is any unpaid balance at the time of release from custody, it shall be paid at the maximum installment possible and not less than $200.00 or 10% of gross income per month, whichever is greater. The addresses of the first 25 victims are listed in the Nanz Affidavit which is attached to the Motion to Accept Restitution Plan in case no. CR 05-60116-1-AA (Doc#94), filed 09/25/07, and approved by the Court on 9/27/07 (Doc#95).

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court at the address below, unless otherwise directed by the court, the probation officer, or the United States Attorney.

**Clerk, US District Court**
**405 East Eighth Avenue**
**Suite 2100**
**Eugene, OR 97401**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_X_    Joint and Several
        Defendant Name, Case Number, and Joint and Several Amount:
        CO-DEFENDANT JOSIAH DAVIS, CR 05-60116-2-AA, in the amount of $1,000,000.00. See attached Sheets 6A - Additional Defendants and Co-Defendants Held Joint and Several (pages 8-10 of the judgment). The addresses of the first 25 victims are listed in the Nanz Affidavit which is attached to the Motion to Accept Restitution Plan in case number CR 05-60116-1-AA (Doc. #94), filed 9/25/07, and approved by the Court on 9/27/07 (Doc. #95).
___    The defendant shall pay the cost of prosecution.
___    The defendant shall pay the following court costs:
_X_    The defendant shall forfeit the defendant's interest in the following property to the United States:

The defendant shall forfeit to the United States for disposition in accordance with the law, subject to the provisions of 21 USC § 853(n) all funds originally held in Sentinel Bank Account No. 100638, in the name of Towerland Limited, located at Nassau Bahamas, presently held by the U.S. District Court, Southern District of Florida in case no. 05-4179-MG-SNOW, at Bank of America, account no. 3755035602, in the original amount of $3,122,389.65 including all accrued interest; all funds originally held in SPB Bank Account No. 97143, in the name of Towerland Limited, located at Geneva, Switzerland, presently held by the U.S. District Court, Southern District of Florida in case no. 05-4179-MG-SNOW, at Bank of America, account no. 3755035602, in the original amount of $2,092,910.29, including all accrued interest; One Raytheon Model B-58 Fixed Wing Multi-Engine Aircraft, serial no. TH-2106, registered to Benton & Associates, Inc., Fort Lauderdale, FL, presently in the custody of the U.S. Government; A 2006 Mercedes Benz automobile, VIN #WDDDJ76X26A017788, Florida license no. R367CM, registered to Ray Allen Benton, Fort Lauderdale, FL, presently in the custody of the U.S. Government; and one Riviera 43 #87 yacht, purchased from All Riviera Pty Ltd., Queensland, Australia by defendant Ray Allen Benton in February 2005.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

FBI-000570

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6A — Schedule of Payments

Judgment—Page 8 of 10

DEFENDANT: RAY ALLEN BENTON
CASE NUMBER: CR-05-60116-1-AA and CR-07-60043-1-AA

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>If appropriate |
|---|---|---|---|
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $16,286.64 | Applied Capital, Inc. |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $16,286.64 | Cox-Coffin, Diane |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $465.33 | Crowley, Rhonda |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $930.67 | Gold Coast Medical Services, Inc. |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $37,226.62 | HAI Limited |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $1,396.00 | Huff, Douglas |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $1,861.33 | Huley, Larry and Pamela |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $18,147.98 | Johnson, Sean |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $9,306.65 | Kennedy, Timothy and Tammy |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $2,326.66 | Lewin, Jeffrey |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $37,226.62 | Loucks, Vernon |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $158,213.13 | Matthews, Gregory |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $186,133.10 | McGreevy Enterprises, Limited |

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6A — Schedule of Payments

Judgment—Page  9  of  10

DEFENDANT: RAY ALLEN BENTON
CASE NUMBER: CR-05-60116-1-AA and CR-07-60043-1-AA

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>If appropriate |
|---|---|---|---|
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $93,066.55 | McGurk, Dan L. |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $4,653.33 | Medina, Hector |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $7,445.32 | Medina, Oscar |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $93,066.54 | Mehelich, David |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $1,861.33 | Moore, Charles |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $2,326.66 | Moore, Velda |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $37,226.62 | Paradox Trading, Ltd. |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $9,306.65 | Scott, Daniel and Mary |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $41,879.94 | Sorensen, Everett |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $46,533.27 | Stewart, James |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $74,453.23 | Visram, Mohamed and Shenaz |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $9,306.65 | Wadsworth, Larry and Sherilyn |
| CR 05-60116-2-AA<br>Co-Defendant Josiah Davis | | $46,533.27 | Clerk of Court, Dist. of OR for the victims in CR 05-60051-2-HO, Defendant Guenther |

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 6A — Schedule of Payments

Judgment—Page 10 of 10

DEFENDANT: RAY ALLEN BENTON
CASE NUMBER: CR-05-60116-1-AA and CR-07-60043-1-AA

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| CR 05-60116-2-AA Co-Defendant Josiah Davis | | $46,533.27 | Clerk of Court, Dist. of OR for the victims in CR 05-60051-1-HO, Defendant Hendricks |



**U.S. Department of Justice**
*Karin J. Immergut*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*   (503) 727-1000
*Portland, OR  97204-2902*   Fax: (503) 727-1117

Leslie J. Westphal
Assistant U.S. Attorney
leslie.westphal@usdoj.gov
503-727-1027

<u>**Sent via Federal Express Priority overnight – signature required**</u>

August 28, 2007

Andrew S. Mackey
370 Barnard Avenue
Cedarhurst, New York 11516

Dear Mr. Mackey,

The United States is preparing a proposed restitution order to be filed with the United States District Court in *United States v. Ray Allen Benton, et al.*, CR 05-60116-AA and CR 07-60043-AA.

In that order we will ask the court to order the defendant to pay restitution to the victims of his crime. An FBI agent has made repeated efforts to obtain documentation of your loss in order to verify you are a victim in this case. You have repeatedly failed to answer prearranged telephone calls from an FBI agent; you have failed to provide any documentation of a portion of your claim and the limited documentation you provided is not sufficient to establish that you have a legitimate claim.

We have reason to believe that any investments you made in this criminal enterprise were made on behalf of other individuals and in fact not funds belonging to you. You have failed to provide us the sources of the funds you invested. Although you provided a photo copy of a wire transfer in the amount of $400,000 you have not provided documentation of the source or ownership of those funds.

You will not be included as a victim and the court will not order restitution paid to you unless you provide documentation of the source of the funds which you invested in the form of bank documents or other legitimate business records. You must also provide

Andrew S. Mackey
August 28, 2007
Page 2

an affidavit under oath sworn to by you detailing the source of the funds and amounts invested. This must be received at the address listed below no later than close of business, **5:00 pm Pacific Daylight Time, Friday, August 31, 2007**. Failure to meet this deadline will necessarily result in no restitution being paid to you.

CINDY DUGAN
Federal Bureau of Investigation
1500 S.W. First Avenue, Ste 400
Portland, OR 97201

Very truly yours,

KARIN J. IMMERGUT
United States Attorney

*[signature]*

LESLIE J. WESTPHAL
Assistant United States Attorney

**FedEx US Airbill** — 8581 7275 9180 — Sender's Copy

**1 From**
Date: 8/28/07
Sender's FedEx Account Number: 0972-2040-9
Sender's Name: Leslie J. Westphal
Phone: (503) 727-1000
Company: USDOJ/US ATTY OFC
Address: 1000 SW 3RD AVE STE 600
City: PORTLAND   State: OR   Zip: 97204

**2 Your Internal Billing Reference** (OPTIONAL)

**3 To**
Recipient's Name: Andrew S. Mackey
Company:
Recipient's Address: 370 Barnard Avenue
City: Cedarhurst   State: NY   Zip: 11516

0340120583

**4a Express Package Service** — FedEx Priority Overnight (X)
**4b Express Freight Service**
**5 Packaging** — FedEx Envelope (X)
**6 Special Handling**
**7 Payment** — Bill to: Sender (X)

519



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

August 29, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **858172759180**.

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery date: | Aug 29, 2007 09:40 |
| Signed for by: | .MACKEY | | |
| Service type: | Priority Envelope | | |



### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 858172759180 | Ship date: | Aug 28, 2007 |

Recipient:
US

Shipper:
US

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339