IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

ANDREW S. MACKEY,

          **Defendant.**

1:10-cr-0310-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Andrew S. Mackey's ("Defendant" or "Mackey") Motion for Reconsideration of Detention Order and For Release Pending Sentencing ("Motion for Release") [153].

## I.  BACKGROUND

On May 16, 2012, a jury convicted Mackey of conspiracy to commit wire fraud (Count 1), five counts of wire fraud (Counts 2-4, 6 and 8), and eight counts of mail fraud (Counts 9-17), in connection with A.S.M. Financial Funding Corporation ("ASM").[1] [143]. Following the verdict, the Court ordered Mackey detained pending his sentence. Based on the testimony in the case, and specifically Mackey's own testimony over two days, the Court found that there was no clear and convincing evidence that Mackey does not pose a danger to the safety of the

---

[1] The jury found Mackey not guilty of one count of wire fraud (Count 5) and one count of mail fraud (Count 7).

community, including a danger to the financial well-being of the community. Mackey made no factual showing opposing detention.

Mackey moves for reconsideration of the Court's detention order and seeks release on bond pending his sentencing, which is scheduled for August 21, 2012. Mackey asserts that his release would assist him in preparing for sentencing and would allow him closure with his family and to wind up his affairs. Mackey argues that he is not likely to flee, and if released, would return to New York, where his family resides and where he lived while on pre-trial release. Mackey asserts that he is a lifelong resident of New York, where he also owns two homes, and has strong ties to the community. Mackey contends also that he does not pose a danger to the safety of any other person or to the community because he was not charged with, and has never committed, a violent crime. Mackey asserts further that his age and poor health support that he is neither a flight risk nor a danger to others or the community.

The Government argues that Mackey fails to meet his burden of establishing that he will not flee and that he does not pose a danger to the community. The Government asserts that Mackey has a strong motivation to flee because he faces a lengthy sentence of incarceration, and given the weight of the evidence presented at trial, it is unlikely that Mackey's conviction will be overturned. The

Government argues that Mackey still poses a threat of economic danger to the community, including based on an April 2011 email Mackey sent soliciting investments in fraudulent business opportunities, one of the recipients of which was a victim who had already lost a significant amount of money in Mackey's ASM scheme.

## II. DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3143(a), governs the release and detention of defendants pending sentence. Section 3143(a)(1) provides:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.

Once a defendant has been convicted, "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). Thus, "[u]nlike a defendant who has not yet been convicted and for whom the statute gives a presumption for bail except in certain circumstances, see 18 U.S.C. § 3142, once a defendant has been convicted, albeit not yet sentenced, the burden shifts to the defendant." United States v. Strong, 775 F.2d 504, 505 (3rd Cir. 1985).

### 1. *Likelihood of Flight*

Prior to his conviction, Mackey had been released on a $25,000 bond and subject to special conditions set by the Court. Mackey argues that he should be released pending sentencing because he complied with the terms of his pre-trial release and "[n]othing has changed." [162 at 2-3]. Mackey asserts that the nature and circumstances of the offense do not prohibit release any more now than at the time he was granted pre-trial release. [153 at 5-6]. The Court disagrees.

Prior to trial, Mackey asserted his innocence and insisted that he did not intend to defraud investors. That Mackey complied with the terms of his release before trial and claims that he "put up extensive testimony and evidence at trial in support of [this] defense," [153 at 5-6], does not change that Mackey has been convicted of very serious offenses and faces a lengthy sentence of incarceration. The possibility of imprisonment now has become a certainty. See United States v. Hill, No. 1:05-cr-0269-TWT, 2007 WL 1231729, at *1 (N.D. Ga. Apr. 24, 2007) (rejecting defendant's argument that he is not a flight risk based on his compliance with pre-trial release because "this certain lengthy sentence gives the defendant an overwhelming motivation to flee"); see also United States v. Manso-Portes, 838 F.2d 889 (7th Cir. 1987) (reversing district court's release of defendants pending sentencing where district court concluded that because defendants appeared for

4

trial while released on bond, they are sure to appear for sentencing; district court did not consider statutory presumption that defendants shall be detained pending sentence); United States v. Dimora, No. 1:10-cr-387, 2012 WL 1409396 (N.D. Ohio Apr. 23, 2012) (while defendant had asserted his innocence prior to trial and insisted he would be exonerated, "[n]ow that vindication is no longer available, an important incentive for him to appear in court is gone"); United States v. Jinwright, No. 3:09-cr-0067-W, 2010 WL 2926084, at *5 (W.D. N.C. July 23, 2010) ("Something has changed since trial; Defendant is no longer presumed innocent but is guilty of the counts of conviction.  His legal status has changed, increasing his incentive to flee.").

   Mackey relies on O'Brien v. O'Laughlin, 557 U.S. 1301 (2009), to support his argument that the Government has failed to present any evidence other than the presumed sentence length to support that Mackey is a flight risk.  Mackey's reliance on O'Brien is misplaced and distorts the burden of proof at this stage.  In O'Brien, the First Circuit granted a state prisoner federal habeas relief and ordered his immediate and unconditional release, and the state applied for a stay or for imposition of bail and other conditions of release.  557 U.S. 1301.  The Court observed that, where a petitioner has been granted habeas relief, there is presumption of release pending appeal.  Id.  The Court found that, although the

state had a strong interest in continuing custody given the respondent's lengthy remaining sentence, the state had failed to overcome its burden to show that the petitioner posed a special flight risk or danger to the public.  Id.  Here, it is clear that there is a statutory presumption against release pending sentence, 18 U.S.C. § 3143(a), and it is Defendant's burden to show by clear and convincing evidence that he is not a flight risk or danger to the public.  O'Brien simply does not apply.

Mackey argues also that he is not likely to flee because he is 62 years old and suffers from several health problems.  Notwithstanding his heath concerns, Mackey was able to actively participate in a lengthy trial including by providing two days of testimony.  Mackey has not demonstrated that his health would preclude him from fleeing, particularly considering that he seeks to return to New York and there is no evidence that he cannot obtain necessary medical treatment while in custody.  See United States v. Sudeen, No. CR-02-062, 2003 WL 21977170, at *1-2 (E.D. La. Aug. 14, 2003) (denying motion for release pending sentence notwithstanding defendant's health issues, and noting "there is no evidence that the defendant cannot obtain necessary medical treatment while in custody"); Dimora, 2012 WL 1409396, at *4 ("Nothing [defendant] has presented in support of these recently identified medical conditions suggest to the Court that he is not healthy enough to leave the jurisdiction, and seek medical treatment in

another locale."). That Mackey may spend much of the remainder of his life in custody gives him even further incentive to flee. See United States v. Madoff, 316 F. App'x 58, 59 (2d Cir. 2009) ("As to the incentive to flee (based on his age and exposure to a lengthy imprisonment), we consider that such an incentive naturally bears upon and increases the risk of flight."); United States v. Nicolo, 706 F. Supp. 2d 330, 333 (W.D. N.Y. 2010) ("[w]hile a defendant's advanced age may, in some circumstances, tend to diminish those risks, it may also increase the risk of flight, especially where the defendant is facing a lengthy prison sentence; such a defendant may feel that he has little or nothing to lose by fleeing."); United States v. Rogers, No. SA:06-CR-272, 2006 WL 1677849, at *1-2 (W.D. Tex. June 12, 2006) (rejecting defendant's argument that his age, 63, recent heart attack, and absence of past violent behavior showed he did not posed a flight risk or danger to others).

    Although Mackey has presented some evidence to suggest that he is not likely to flee – his lifelong residence in New York, his family ties and ties to the community – this evidence is not sufficient to overcome the statutory presumption against his release. Mackey offers letters written by his children's teachers and friends, but nothing in these letters demonstrates that Mackey is not likely to flee. Further, when the Court ordered Mackey detained pending sentence, Mackey made

no factual showing that he should be released, instead supporting that co-defendant Inger Jensen should be released to make arrangements for their children. The Court finds that Mackey has failed to demonstrate that he is not likely to flee. Defendant's Motion is denied.

2. *Risk of Danger to Others or the Community*

Even if he had shown that he is not likely to flee, which he has not, Mackey fails to demonstrate that he does not pose a danger to the community. In ordering Mackey detained, the Court found that Mackey poses a substantial risk to the financial well-being of the community. Mackey asserts that he was not charged with, and has never committed, a violent crime, and that "Mackey has caused no problem whatsoever" since ASM's activity allegedly stopped in December 2007. The Government asserts that an April 2011 email sent by Mackey, including to Judy Callaway, one of the victims of his ASM scheme, shows that Mackey continued to solicit investments in fraudulent business opportunities even after his indictment in this case.

It is clear that the "danger to the community" prong of Section 3143 includes the risk of economic or financial danger to the community. See, e.g., United States v. King, 849 F.2d 485, 487 (11th Cir. 1988) (legislative history of the Bail Reform Act clearly indicates that "safety" contemplates criminal activity beyond physical

violence); United States v. Reynolds, 956 F.2d 192, 192-93 (9th Cir. 1992) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm."); United States v. Miranda, 442 F. Supp. 786, 792 (S.D. Fla. 1977) ("First, it is beyond dispute that the criterion of 'danger to the community' . . . is not limited to the potential for doing physical harm.") (citing United States v. Louie, 289 F. Supp. 850 (N.D. Cal. 1968)).  The evidence at trial was that Mackey received over $12 million from investors in his ASM scheme during a period of four (4) years.  It is clear that Defendant's fraudulent activities were not a momentary lapse in judgment, but instead were part of a calculated plan to defraud investors out of millions of dollars.

Mackey provided testimony over two days that he did not intend to defraud investors.  In convicting Mackey, the jury appears to have found Mackey not credible and rejected the majority of his testimony.  Similarly, the Court finds Defendant's representations that the April 2011 email "was not an investment but for an authentic and still existing business" and that "he is not aware of Judy Callaway receiving an email in April of 2011," entirely incredible.  [160 at 2].  In the email, titled "Donald J. Trump Has Endorsed My New Business Opportunity!!!," Mackey claims that the recipient could "make up [sic] $24,000 a month working at home in my business."  [160.3].  This email is not the type of

"single, ill-judged infraction" Mackey claims, and tellingly, one of the recipients was Judy Callaway, an investor who had lost her life savings in Mackey's ASM scheme. That Mackey would advertise this type of questionable business investment to a person whom he had already defrauded, while on pre-trial release in this case, further demonstrates that Mackey will continue to pose a danger to the economic safety of the community if he is released from custody.[2] That Mackey has claimed a severe lack of financial resources enhances significantly the risk that he would commit further financial frauds. Mackey's fraudulent investment activities clearly demonstrate a propensity to endanger the economic interests of others within the community.[3] The Court finds that Mackey fails to present clear and convincing evidence that he does not pose a danger to the safety of any other person or the community if released pending sentence. Mackey's motion is required to be denied for this additional reason.

---

[2] While Mackey states that the email never formed the basis for any motion to revoke his supervised release, the Court notes that the terms of Mackey's pre-trial release included a prohibition on "all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution." [9 at 2].

[3] The Court notes that Mackey and ASM were also the subject of civil fraud proceedings by the New York Attorney General, and the Court questions the nature of Mackey's employment with ACN.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Andrew S. Mackey's Motion for Reconsideration of Detention Order and For Release Pending Sentencing [153] is **DENIED**.

**SO ORDERED** this 18th day of July, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE